JAMES ORVILLE KERNS, APPELLANT, V. NORMAN E. KERNS
ET AL., APPELLEES.

61 N. W. 2d 405

Filed December 18, 1953. No. 33357.

*William L. Walker* and *Earl Ludlam,* for appellant.

*Beghtol, Mason & Anderson, Nate C. Holman, Richard
A. Knudson* and *Roger V. Dickeson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in equity, in substance, to have a
deed declared to be a mortgage, to have an accounting,
and to be allowed to redeem. The trial court found for
the defendants and against the plaintiff, and dismissed

the action with prejudice. Plaintiff appeals. We affirm the judgment of the trial court.

The following facts are not in dispute. Plaintiff is a son of the grantors in the deed, and the devisee of the property by the will of his mother, if the deed is set aside. Defendant Norman E. Kerns is also a son of grantors. Kathryn F. Kerns is his wife. Defendants herein will be referred to as such, except when necessary they will be referred to by their first names. The grantors will be referred to as such, except where necessary they will be referred to as the father or mother or parents.

The property involved here is a city lot and house which, beginning about 1915, was the homestead of the grantors.

In 1937 the grantors were of advanced years, unemployed, without income, and in debt, both by a secured debt on the home and unsecured debts. Taxes were delinquent on the home. Title to the property was in the name of the mother. On September 1, 1937, she made written application to a trust company for a loan of $2,000. This application was rejected because of the age of the father and mother and lack of potential ability to repay it.

Thereafter conferences were had by the grantors with the defendants. On October 15, 1937, defendant, Norman, made application to the same trust company for a loan of $2,000 on the property. He was well employed, had property, and potential ability to pay. The loan was approved. On October 19, 1937, the parents, as grantors by warranty deed, conveyed the property to defendants as joint tenants, with right of survivorship. The defendants executed and delivered their note to the trust company and on October 20, 1937, executed and delivered a mortgage on the property to the trust company to secure the same. The trust company, from the proceeds of the mortgage, paid off the existing mortgage

on the property, paid delinquent and due city and county taxes, paid two unsecured debts of the father, paid expenses of the loan, and paid the balance in the sum of $433.10 to the defendant Kathryn, who in turn deposited it to the credit of the mother.

Thereafter the defendants paid the taxes on the property, kept it insured, and made substantial repairs. From time to time defendants made payments on the indebtedness secured by the mortgage and completed payment in 1946.

The grantors continued to reside in the home. The father died in July 1942, and the mother died in January 1949.

Prior to June 1938, the plaintiff had been living in Illinois. He came home at that time and thereafter lived in the home with the parents and contributed to their support, as did also the defendants. The plaintiff made repairs to the home from time to time. The parents were at no time in need or neglected by either plaintiff or defendants.

After the death of the mother, a forcible detainer action was brought by the defendants. The prosecution of that action was restrained during the pendency of this action. The restraining order was dissolved by the trial court in its decree.

Plaintiff alleged that it was agreed between the father and mother and the defendants that they would convey the property by deed to the defendants; that the defendants would hold the property under the deed as security for their liability under the mortgage; and that the property was conveyed and the subsequent transactions had pursuant to that agreement.

The rule is: "Where it is sought to vary the effect of a deed absolute on its face by parol testimony, so as to declare it to be a mortgage, the evidence must be clear, convincing, and satisfactory before a court is warranted in adjudging it to be a mortgage." Anderson v. Lincoln Joint Stock Land Bank, 131 Neb. 150, 267 N. W. 355.

There is no one who testifies directly to such an agreement.

To meet that burden plaintiff offered evidence that defendant, Norman, was indebted to his father at the time of the transaction. That evidence was in large part thoroughly discredited by plaintiff's own testimony, as well as denied and explained by defendant Norman. It does not merit extended discussion.

Plaintiff testified that he came home in June 1938, had discussions with his parents, examined the records, and found that the conveyance had been made; that he then demanded of the defendant, Norman, in his office that the property be reconveyed to the mother; and that he made the same demand of the defendant, Kathryn, in the parents' home and in their presence.

The repeated statements of the form of that demand clearly show that it was plaintiff who sought the reconveyance, not the parents; and that it was plaintiff, not the parents, who was dissatisfied with the conveyance to the defendants. The father lived 4 years and the mother lived 10 years after those demands were made; for aught that appears in this record they retained their mental capacities, yet they took no action to implement the demands made by the plaintiff.

Plaintiff testified as to two alleged admissions against interest made in 1938, which he contends sustain his position and, together with the circumstances of the transaction, meet the requirements of the rule as to burden of proof. He testified that the defendant, Norman, in response to a demand that he reconvey the property to the mother, said, "I have taken the deed to the property to secure the liability on the note which I have signed for the two-thousand dollar mortgage." He further testified that Kathryn, in response to a similar demand, said, "we don't want the property. All we want is to be secured for the two-thousand dollar note we signed," and that that was the reason they took a deed to the property. As to the statement attributed

to the defendant, Kathryn, there is a denial by her and a conflict of the evidence as to that matter unsupported by other evidence as to either statement. As to the statement attributed to the defendant, Norman, there is a positive denial by him and a conflict of the evidence as to that matter. However, the plaintiff rather definitely fixed the time and place in Lincoln where that statement was alleged to have been made. Defendant testified that he was not in Lincoln at the time stated and produced expense account records of his employer supporting his evidence. Plaintiff's testimony on other matters was self-discredited several times; and his testimony on other matters was discredited by two disinterested witnesses, one of whom was sustained by records of plaintiff's employer. The three persons whose evidence is in conflict testified before the trial court.

In this situation we follow the rule that actions in equity are triable de novo in this court subject to the rule that when the evidence on material questions of fact is in irreconcilable conflict, this court in determining the weight of the evidence considers the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite. Hall v. Modern Woodmen of America, 153 Neb. 600, 45 N. W. 2d 630.

We reach the same conclusion as obviously did the trial court as to that evidence.

The plaintiff offered in evidence the will of the mother, executed on December 12, 1947, in which she devised this property to the plaintiff. The will had been admitted to probate. The will contained a recitation of the mother as to the transaction here involved, which it is contended sustains plaintiff's position. The trial court admitted the will in evidence for the limited purpose of showing that plaintiff had succeeded to whatever interest the mother had in the property. Plaintiff assigns this as error, contending that it should have been admitted generally.

This contention is answered in Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500, wherein we held that: Acts and declarations of a grantor in hostility to a deed, subsequent to the time of the delivery of the deed, are incompetent as against the grantee. Hearsay testimony which is incompetent is not made admissible by reason of the death of the person who made the statement sought to be proved. We find no error in the ruling of the court.

Defendants testified as to the transaction; and that it was agreed with the grantors that the deed was to be an absolute conveyance subject to an understanding that the grantors in effect retained a life estate. Plaintiff contends that this sustains his case.

The rule is: "A deed, delivered to grantee in grantor's lifetime, is operative, though enjoyment of estate conveyed is postponed until grantor's death, as present estate or interest is transferred by such delivery." Colbert v. Miller, *supra*. See, also, Cerveny v. Cerveny, 154 Neb. 1, 46 N. W. 2d 632.

We find as did the trial court that plaintiff's evidence fails to sustain his contentions.

The judgment of the trial court is affirmed.

AFFIRMED.